M. H. WHITE & CO. v. WINSLOW & WHITE.

(Filed 10 September, 1913.)

1. Landlord and Tenant—Liens—Release—Trover and Conversion.
    The plaintiff made advancements to the tenant, and the latter, in order to purchase a horse on credit from the defendant, obtained from his landlord a release on one of a number of bales of cotton raised on the land. The plaintiff, who held a mortgage on the crop subject to the landlord's lien, brings this action to recover the value of the bale, alleging unlawful conversion by the defendant, who had received it: *Held*, the transaction between the tenant and the landlord, resulting in the latter's releasing his prior lien on the one bale of cotton, gave the plaintiff, who had held the second lien, a first lien on the bale of cotton delivered to the defendant, and this action will lie. *Powell v. Perry*, 127 N. C., 22, cited and distinguished.

2. Landlord and Tenant—Liens—Release—Assignment—Vendor and Vendee.
    Where a landlord merely releases a part of the crop raised on his land in favor of a vendor of his tenant, without transferring the debt or any part thereof, the vendor does not acquire in his

transaction with the tenant any lien upon the crop released which is superior to that of the one furnishing supplies for the making of the crop, for which he takes a mortgage, the lien being so far an incident to the debt which it secures that it cannot be assigned without at the same time transferring the debt, or at least some part thereof. The Court does not consider the question whether the landlord may by agreement defer his prior lien to those which may be subsequent.

APPEAL by plaintiffs from *Whedbee, J.,* at December Special Term, 1912, of PERQUIMANS.

This action was brought to recover the value of a bale of cotton, alleged to have been unlawfully converted by the defendant. These are the facts: William Maddrey leased a piece of land to Ferdinand Gregory for the year 1911, reserving a certain rent. The tenant mortgaged his crop to the plaintiff, M. H. White & Co., to secure advances made by them to him, and which constituted a second lien upon the crop, or, in other words, a lien subject to the rights of the landlord. The tenant then applied to the defendants, Winslow & White, to purchase a horse from them, and they agreed to sell him the horse, if the landlord would sign the following release: "I hereby release to Winslow & White my claim under landlord and tenant act on the crops of Ferdinand Gregory, to be grown in the year 1911 on my lands, to the amount of one bale of cotton weighing not less than 500 pounds." The release was executed by the landlord, William Maddrey, and the horse delivered to the tenant, Ferdinand Gregory. The latter made thirteen bales of cotton on the land, and in the fall he and his landlord had a full settlement, whereupon Maddrey directed his tenant to deliver one bale of cotton to the defendants, which was done. The court held that plaintiffs could not recover, and they appealed.

*P. W. McMullan for plaintiffs.*
*Charles Whedbee for defendants.*

WALKER, J., after stating the case: It will be seen that the landlord never relinquished any part of his rent, nor did he assume any liability for the price of the horse as an advancement to his tenant. He merely released his lien to the extent

of one bale of cotton, without specifying which one of the thirteen. The defendants looked solely to the tenant for payment of the price, though they may have relied upon any lien acquired by the transaction, but this lien was manifestly subject to the prior right of the plaintiffs. No title to the bale of cotton passed to defendants by virtue of the release of the landlord, nor did it vest any lien in them. Their lien, if any, was given by the tenant, and the landlord simply released his prior lien, transferring it to the remaining twelve bales of cotton. This is the legal and actual nature of the transaction. It is perfectly evident that the landlord did not intend to part with any of his rent in favor of the defendants. All he did was to withdraw his lien from the one bale and accept the twelve remaining bales as the only security for his rent. He did not impair the next prior right of plaintiffs, as second lienees, by merely removing his lien from the one bale of cotton, but, on the contrary, made it the first lien thereon. The principle of *Powell v. Perry,* 127 N. C., 22, therefore, does not apply. In that case it was held that a lien may accrue for supplies, either paid for by the landlord or advanced at his request and upon his credit. The whole theory of the defendant is based upon the wrong assumption, that the landlord became in any way responsible for the price of the horse, so as to bring the case within the above decision. The distinction between releasing a lien and giving one must be very clear. Defendants acquired a lien by the delivery of the bale of cotton, but their right was derived from the tenant, and the landlord's release merely discharged his prior encumbrance, thereby making the second lien of plaintiffs effective.

There is another view which occurs to us. A lien is so far an incident of the debt which it secures that it cannot be assigned without at the same time transferring the debt, or at least some part of it, which was not done here. 25 Cyc., 678. It was held in *Buckner v. McIlroy,* 31 Ark., 631, that "while a party holding a debt secured by lien cannot convey the lien to a stranger, without also assigning the debt, he may release the

lien upon the property to one claiming an interest or junior lien on the property." The landlord surely has assigned no part of his debt for the rent.

It follows that defendant took the bale of cotton subject to plaintiffs' prior lien, and the court erred in not so holding.

Reversed.